1  MARIAN A. TONE (SBN 149375)
   THE LAW OFFICES OF MARIAN A. TONE
2  7660-H Fay Avenue, No. 202
   La Jolla, CA 92037
3  Telephone: (858) 232-1932
   Email: marian@tonelawoffices.com
4
   *Attorney for Plaintiff Suzanne Rummel, an individual*
5
   FREDRIC D. WOOCHER (SBN 96689)
6  MICHAEL J. STRUMWASSER (SBN 58413)
   DALE K. LARSON (SBN 266165)
7  STRUMWASSER & WOOCHER LLP
   10940 Wilshire Boulevard, Suite 2000
8  Los Angeles, California 90024
   Telephone: (310) 576-1233
9  Facsimile: (310) 319-0156
   E-mail: fwoocher@strumwooch.com
10
   ROBERT A. PRATT (SBN 137704)
11 KATHRYN W. LONDENBERG (SBN 278390)
   OFFICE OF LEGISLATIVE COUNSEL
12 925 L Street, Suite 900
   Sacramento, California 95814
13 Telephone: (916) 341-8186
   Facsimile: (916) 341-8395
14 Email: robert.pratt@legislativecounsel.ca.gov

15 *Attorneys for Defendant Richard Pan*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. SUZANNE RUMMEL, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RICHARD PAN, California State Senator,<br><br>　　　　　Defendant. | No. 2:18-cv-02067 TLN DB<br><br>**STIPULATION AND ORDER** |

# JOINT RULE 26(f) REPORT

The following counsel and parties participated in the Rule 26(f) conference:

1. Counsel of record for Plaintiff, SUZANNE RUMMEL ("Plaintiff"), Marian A. Tone, LAW OFFICES OF MARIAN A. TONE.

2. Counsel of record for Defendant, RICHARD PAN, California State Senator ("Defendant"), Fredric D. Woocher and Dale K. Larson, STRUMWASSER & WOOCHER LLP.

3. The Rule 26(f) Conference was held on October 17, 2018. The parties submit this Report to the Court summarizing the matters discussed and agreed upon and summarizing the respective positions of the parties on matters as to which agreement has not been reached.

## I. STATEMENT OF THE CASE

### Plaintiff's Contentions

This action arises out of the claims of Plaintiff that Senator Richard Pan has violated her First Amendment rights by blocking her from his Twitter account, which she alleges is a public forum. Plaintiff has petitioned the Court to (i) declare that Senator Pan's blocking of Plaintiff from the https://twitter.com/DrPanMD site violates the First Amendment; (ii) order that Senator Pan restore Plaintiff's access to this important public forum; (iii) award damages, fees and costs to Plaintiff pursuant to 42 U.S.C. § 1983; and (iv) provide further relief as is necessary or proper.

### Defendant's Contentions

Senator Dr. Richard Pan denies that his Twitter account, which he claims is a personal account on a private social media website, is a public forum and denies that he has violated Plaintiff's First Amendment rights by "blocking" her from spreading what he alleges to be misinformation on said account. In addition, Defendant claims various defenses and immunities apply to Plaintiff's claim under 42 U.S.C. § 1983.

## II. RULE 26(f) REPORT

### A. Rule 26(f)(2): Settlement Prospects

The parties have engaged in substantive discussions on prior occasions seeking to settle the claims and defenses in this action, but have been unable to do so. The parties have not reached agreement on the issue of mediation at this time.

### B. Rule 26(f)(3): Discovery Plan

### 1. Rule 26(f)(3)(A): Changes in Timing, Form or Requirement for Initial Disclosures

No changes to the requirements for the Initial Disclosures are requested.

### 2. Rule 26(f)(3)(B): Discovery Subjects and Timing

Plaintiff and Defendant plan to conduct written fact discovery, as well as depositions of percipient witnesses and depositions pursuant to Federal Rules of Civil Procedure rule 30(b)(6), to determine: facts related to and arising from the parties' respective participation in the matters alleged in the pleading; facts related to and arising from the respective liability of the parties; facts related to and arising from affirmative defenses; and any other factual issues that might arise that are necessary to support a party's claims. The parties anticipate deposing any expert(s) named, to determine the opinions of the expert(s) with regard to the matters on which they are designated to testify. The parties agree that discovery is needed concerning the use of both parties' social media accounts relative to the issues in this case.

The parties propose that all non-expert discovery, including written fact discovery and depositions, should be completed not later than two hundred forty (240) days from the date upon which the last answer may be filed with the Court pursuant to the Federal Rules of Civil Procedure, consistent with the Court's July 30, 2018 Initial Pretrial Scheduling Order. No party contends that discovery should be conducted in phases or be limited or focused on particular issues.

3.  **Rule 26(f)(3)(C): Electronically Stored Information**

Disclosure or discovery of electronically stored information (ESI) shall be handled as follows:

The parties agree to produce ESI in its native format, including all metadata, or in optical character recognized (also known as "OCR"-ed) portable document format (PDF). If a party chooses to provide ESI in its native format, the party shall produce a place-holder PDF image containing the bates number for the native file.

A party that has ESI in native format that includes metadata, but chooses to produce ESI in PDF format must also preserve the document in its native format, including all metadata.

The parties agree that a party receiving ESI in PDF format may subsequently request a copy of that ESI in its native format. The cost for the production of any supplemental native files (where a PDF file has already been produced) shall be borne by the requesting party. The parties further agree that the receiving party does not waive its right to request a supplemental native file where a PDF has already been produced. If a dispute arises over the production of native format files and such dispute cannot be resolved by the parties through a meet-and-confer process, the requesting party may make a motion to compel production of the native format files.

4.  **Rule 26(f)(3)(D): Claims of Privilege or Protection of Trial Preparation Materials**

The parties agree to use the procedures set forth in Federal Rules of Civil Procedure rule 26(b)(5) regarding any claims of privilege or protecting materials asserted as being for trial-preparation. In order to facilitate efficient discovery in this matter, the parties jointly ask the court to enter the Fed. R. Evid. 502(d) Order, which is attached hereto as **Exhibit A**.

5.  **Rule 26(f)(3)(E): Limitations on Discovery**

No party contends that any changes need to be made to the limitations on discovery imposed by the Federal Rules or by the Local Rules of the District Court.

**6.   Rule 26(f)(3)(F): Other Orders**

No party contends that the Court should issue any other orders not discussed herein under Rule 26(c) or Rule 16(b).

**C.   Local Rules**

No party contends that any changes should be made to any limitations on discovery imposed by the local rules.

DATED:   October 31, 2018          Marian Adams Tone
                                   LAW OFFICE OF MARIAN A. TONE

                                   By /s/ Marian A. Tone
                                        Marian A. Tone, SBN 149375

                                   *Attorney for Plaintiff A. Suzanne Rummel*

DATED:   October 31, 2018          Fredric D. Woocher
                                   Michael J. Strumwasser
                                   Dale K. Larson
                                   STRUMWASSER & WOOCHER LLP

                                   Robert A. Pratt
                                   Kathryn W. Londenberg
                                   OFFICE OF LEGISLATIVE COUNSEL


                                   By  /s/ Fredric D. Woocher
                                        Fredric D. Woocher

                                   *Attorneys for Defendant Richard Pan*

**ORDER**

This matter coming before the Court with the parties' Joint Rule 26(f) Report, and it appearing to the Court that entry of this Rule 502(d) Order will limit the expenditure of time and resources by the Court and the parties related to discovery in this matter, and for good cause shown;

It is hereby **ORDERED** that:

1. The production of privileged or work-product protected documents, electronically store information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rules of Evidence rule 502(d).

2. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

Dated: November 27, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\rummerl2067.stip.502.ord